Laura Peña, Esq.
Attorney in Charge
Texas State Bar No. 24085758
Southern District of Texas Federal
ID Number 3326963
Joshua Turner, Esq. *(pro vac vice to be filed)*
**PROBAR**
202 S. 1st Street, Suite 300_
Harlingen, TX 78550
Telephone: 956.365.3775
Email: laura.pena@abaprobar.org
        josh.turner@abaprobar.org

Michelle Mancino Marsh, Esq. *(pro hac vice to be filed)*
**ARENT FOX LLP**
1301 Avenue of the Americas, Floor 42
New York, NY 10019
Telephone:  212.484.3900
Facsimile:  212.484.3990
Email:  michelle.marsh@arentfox.com

Dustin F. Hecker, Esq. *(pro hac vice to be filed)*
Benjamin Greene, Esq. *(pro hac vice to be filed)*
**ARENT FOX LLP**
The Prudential Tower
800 Boylston Street
Boston, MA  02199-8161
Telephone:  617.973.6131
Facsimile:  617.367.2315
Email:  dustin.hecker@arentfox.com

Alissa F. Bard, Esq. *(pro hac vice to be filed)*
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20006-5344
Telephone:  202.857.6000
Facsimile:  202.857.6395
Email:  alissa.bard@arentfox.com

*Attorneys for Petitioners*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### MCALLEN DIVISION

R.A.N.M. and her children,
Y.D.M.N., A MINOR CHILD, AND
G.R.M.N., A MINOR CHILD,

            Petitioners,

      v.

WILLIAM P. BARR, Attorney
General of the United States; CHAD
F. WOLF, Acting Secretary of DHS,
MARK A. MORGAN, Acting
Commissioner of CBP, WALTER
WEAVER , CBP Port Director of the
Progreso/Donna Port of Entry,
CARLA PROVOST, Chief of CPB,
and RODOLFO KARISCH, Chief
Patrol Agent-Rio Grande Valley
Sector,

            Respondents.

Case No.  _7:20-cv-6_____

**VERIFIED PETITION FOR WRIT
OF HABEAS CORPUS AND
REQUEST FOR A PRELIMINARY
AND PERMANENT INJUNCTION
AND TEMPORARY RESTRAINING
ORDER**

## INTRODUCTION

1.      The U.S. government is detaining two sick children in violation of the law. Petitioners R.A.N.M. and her daughters, Y.D.M.N. and G.R.M.N., both minor children, whose names are all redacted pursuant to Fed. R. Civ. P. 5.2(a) to protect their identity publicly but who are known to Respondents and their counsel ("Petitioners"), are being unlawfully detained by U.S. Customs and Border Protection ("CBP"), a component of the Department of Homeland Security ("DHS"), at a facility located at 800 S. International Blvd., in Donna, Texas 78537.

2.      R.A.N.M. and her two children, ages 18 months (Y.D.M.N.) and 6 years (G.R.M.N.), fled their home country of Honduras, in order to seek asylum in the United States.

3.      While in Honduras, Petitioner R.A.N.M. had started a small business, a supermarket, and received a letter of extortion from a gang known as Mara 18. The gang demanded she pay a monthly amount or they would kill her and her children. Due to corruption of the police in the town where they lived, she feared that reporting the crime would lead to the murder of her and her daughters as had been the case with other people she knows.

4.      On or about December 30, 2019, Petitioners entered the United States and were apprehended by CBP and placed in a CBP detention facility in Donna, Texas. During a telephonic interview, R.A.N.M. claimed a fear of return to Honduras. She was instructed that she could either return to Honduras or be sent to Guatemala and had to decide immediately. She started crying and reluctantly answered Guatemala, due to her fear for their lives if forced to return to Honduras. She was not given an opportunity to explain why she feared being sent to Guatemala, where she has no family or contacts and would have difficulty providing for herself and her children, and where she could well be subject to the same kind of threats of physical harm that had caused her to leave Honduras with her children. Petitioners were never given a

credible fear interview. They allegedly were processed under the Guatemala Asylum Cooperation Agreement ("Guatemala ACA").

5.      Petitioners have been in CBP custody since December 30, 2019 and for over seventy-two (72) hours. Both Y.D.M.N., an 18-month-old minor, and G.R.M.N., a 6-year-old minor, are seriously ill and are not receiving proper medical attention at the facility. Y.D.M.N. has symptoms of a fever and diarrhea, which appear to be caused by the food served at the facility – burritos served twice daily, and a sandwich at night. Y.D.M.N.'s diarrhea may stop occasionally, but resumes when she eats. The medics at the facility diagnosed G.R.M.N. with influenza. G.R.M.N. has been given some treatment, but remains very sick.

6.      Petitioners have not had access to legal counsel since they were placed in custody on December 30, 2019. Moreover, on January 9, 2020, officers at the Donna, Texas facility blocked Petitioners from meeting in person with counsel, after counsel came to the facility.

7.      Because Petitioners Y.D.M.N. and G.R.M.N. are 18-month and 6-year old minors, their right not to be detained in CBP custody longer than 72 hours, a right protected by the *Flores* Settlement Agreement, is and continues to be violated.

8.      Petitioners have not received a credible fear interview concerning removal to Honduras, including availability to consult with an attorney prior to the interview as required under 8 U.S.C. §1225(b)(B)(iv). Petitioners further did not have an opportunity to explain their fear of return to Guatemala. Based on these flaws, the constitutional right to due process of law has been, and continues to be, violated.

9.      Because Petitioners have been denied access to counsel, their constitutional right to due process of law has been violated.

10.     Upon information and belief, Petitioners do not have any family or contacts in Guatemala and fear that, if removed there, R.A.N.M. would have a difficult time finding work that would allow her to provide for herself and her daughters. In

addition, R.A.N.M. has the same concerns about extortion and physical harm to her and her children that caused her to leave Honduras with her children in the first place.

11.     For the reasons listed above, and as explained further below, emergency and immediate relief is necessary.

12.     Petitioners' continued detention, denial of a credible fear interview under 8 U.S.C §1225(b), denial of the right to counsel, and the inadequate medical care and food provided to Y.D.M.N. and G.R.M.N. are unlawful and mandate habeas relief. Petitioners therefore respectfully request that this Court order DHS, CBP, and all the above-captioned Respondents to release Petitioners from their custody, ensure that Y.D.M.N. and G.R.M.N. receive urgent proper medical care and treatment, and provide Petitioners with a hearing date for their proper credible fear interview, and enable them to proceed through the asylum process in the United States.

13.      La Posada Providencia, a refugee shelter located in San Benito, Texas has agreed to take in Petitioners upon their release.

## JURISDICTION

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas jurisdiction); U.S. Const. art. I § 9, cl. 2 (Suspension Clause); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1346(a)(2) (United States as a defendant); 28 U.S.C. § 1361 (action to compel an officer or employee of the United States or any agency thereof); 5 U.S.C. §§ 702, 706 (review of final agency decision); and ¶ 24(B) of the *Flores* Settlement Agreement.  Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

15.     Sovereign immunity against actions for relief other than money damages has been waived pursuant to 5 U.S.C. § 702.

16.     This Petition action arises under the Constitution of the United States; the Immigration and Nationality Act ("INA"); the Administrative Procedure Act

("APA"), 5 U.S.C. § 701 *et seq*.; and the *Flores* Settlement Agreement, which is binding on Respondents.

17.     This Court may grant relief under the habeas corpus statute, 28 U.S.C. § 2241 *et seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., the All Writs Act, 28 U.S.C. § 1651, and the APA, 5 U.S.C. § 702.

## VENUE

18.     Venue is proper in the Southern District of Texas, McAllen Division, because a substantial part of the events or omissions giving rise to Petitioners' claims occurred in that district. Petitioners are detained under the authority of a CBP facility located at 800 S. International Blvd., in Donna, Texas 78537, in this district. *See* 28 U.S.C. § 1391 (venue proper in judicial district in which a defendant in the action resides, or substantial part of the events giving rise to the claim occurred).

19.     Venue is further proper with this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are officers or employees of the United States, acting in their official capacity and/or under color of the authority of the laws of the United States, in this District.

## PARTIES

20.     Petitioners are a mother and her two daughters, ages 18 months and 6 years, citizens of Honduras. They entered the United States seeking asylum and are currently being detained by CBP at a facility located at 800 S. International Blvd., in Donna, Texas 78537.

21.     Respondent William P. Barr is the Attorney General of the United States and the head of the United States Department of Justice ("DOJ").  Respondent Barr is responsible for advising the government on the lawful administration and enforcement of the immigration laws and policies.  Respondent Barr further has ultimate authority over the Executive Office for Immigration Review ("EOIR"),

the agency within DOJ responsible for the immigration court system.  He in his official capacity is the ultimate legal custodian of Petitioner.  Respondent Barr is sued in his official capacity.

22.     Respondent Chad F. Wolf is the Acting Secretary of DHS, the Department of the Executive Branch of the U.S. government that oversees the component agencies responsible for enforcing the immigration laws of the United States. Those component agencies include ICE; CBP; and U.S. Citizenship and Immigration Services ("USCIS").  Respondent Wolf directs and is responsible for the administration and enforcement of the immigration laws in the United States. He is sued in his official capacity.

23.     Respondent Mark A. Morgan is the Acting Commissioner of CBP, the agency within DHS that is responsible for the initial processing and detention of noncitizens apprehended near the U.S. border.  In that capacity, Respondent Morgan has direct authority over all CBP policies, procedures, and practices relating to the apprehension of unaccompanied immigrant minors.  CBP's *Flores* responsibilities include, among others, determining whether and in what manner to transfer and/or release and reunify unaccompanied immigrant minors with their sponsors, and briefly detaining immigrant minors during initial processing.  He is sued in his official capacity.

24.     Respondent Walter Weaver is the CBP Port Director of the Progreso/Donna Port of Entry. He in his official capacity is the legal custodian of Petitioners. Respondent Weaver is sued in his official capacity.

25.     Respondent Carla Provost is the Chief of CBP. She in her official capacity oversees the operations of the entire border patrol force.  She is sued in her official capacity.

26.     Respondent Rodolfo Karisch is the Chief Patrol Agent-Rio Grande Valley Sector. He in his official capacity oversees the border patrol force in the Rio Grande Valley. He is sued in his official capacity.

## FACTS COMMON TO ALL COUNTS

27.     Petitioners are a mother and her daughters, ages 18 months and 6 years, citizens of Honduras, in Central America.

28.     They fled their home country of Honduras to seek asylum in the United States.

29.     While in Honduras, R.A.N.M. had started a small business, a supermarket, and received a letter of extortion from a gang known as Mara 18. The letter demanded that she pay a monthly amount or the gang would kill her and her children. Due to corruption of the police in the town where they lived, they feared that reporting the crime would lead to their murder as had been the case with other people they knew.

30.     In December 2019, Petitioners entered at the U.S. border in Texas seeking asylum.

31.     Upon crossing the U.S./Texas border on or about December 30, 2019, Petitioners were apprehended by CBP officers and placed in a CBP detention facility in Donna, Texas.  R.A.N.M. claimed a fear of return to Honduras and so informed the CBP officials. R.A.N.M. was instructed that she had two choices, either to return to Honduras or Guatemala, and had to choose one. Due to her fear for their lives if forced to return to Honduras, she reluctantly answered Guatemala. During a telephonic interview, she was neither asked about nor given the opportunity to explain her fear of being sent to Guatemala, where she has no family or contacts and would have difficulty providing for herself and her children. And her family also could well be subject to the same kind of physical harm with

which they were threatened in Honduras. Upon information and belief, Petitioners were never provided a credible fear interview as required under the regulations 8 U.S.C. §1225. They were allegedly processed under the Guatemala ACA.

32.    Petitioners have been in CBP custody since December 30, 2019 and for over seventy-two (72) hours. Both Y.D.M.N., an 18-month-old minor, and G.R.M.N., a 6-year-old minor, are seriously ill and are not receiving proper medical attention at the facility. Y.D.M.N. has symptoms of a fever and diarrhea, which  appear to be caused by the food served at the facility – burritos served twice daily, and a sandwich at night. Y.D.M.N.'s diarrhea may stop occasionally, resumes when she eats. Especially with such a young child, diarrhea is a very serious medical issue. The medics at the facility diagnosed G.R.M.N. with influenza. G.R.M.N. has been given some treatment, but remains very sick.

33.    Petitioners have not had access to legal counsel since their arrival in the United States on or about December 30, 2019. Moreover, on January 9, 2020, officers at the Donna, Texas facility blocked Petitioners from meeting in person with counsel, after counsel came to the facility and notwithstanding that there is a G-28 on file.

34.    Also on January 9, 2020, a request for humanitarian parole was filed with CBP, urging release of the family due to the deteriorating health of Y.D.M.N. On January 10, 2020, the request for parole was denied.

35.    Also, on or about January 10, 2020, counsel made a request with CBP that an independent medical evaluation for Y.D.M.N. be allowed, and the medical records of the child Y.D.M.N. be provided to counsel. To date, CBP has refused the requests.

36.    Because Petitioners Y.D.M.N. and G.R.M.N. are 18-month and 6-year-old minors, their right not to be detained in CBP custody longer than 72 hours, a right protected by the *Flores* Settlement Agreement, is and continues to be violated.

37.     Because Petitioners have been denied access to counsel, their constitutional right to due process of law has been violated.

38.     Upon information and belief, Petitioners do not have any family or contacts in Guatemala and fear that, if removed there, R.A.N.M. would have a difficult time finding work that would allow her to provide for herself and her daughters. Also, as alleged above, Petitioners likely would be subject in Guatemala to the same kinds of threats of physical harm as cause them to leave Honduras. Indeed, given the lack of family or contacts in Guatemala, they are even more likely to be victims of violence.

39.     For the reasons listed above, and as explained further below, emergency and immediate relief is necessary.

40.     Petitioners' prolonged detention beyond 72 hours required by the Flores Settlement Agreement, denial of the right to counsel, and the inadequate medical care and food provided to Y.D.M.N. and G.R.M.N. are unlawful and mandate habeas relief; therefore, Petitioners respectfully requests that this Court order DHS, CBP, and all above-captioned Respondents to release Petitioners from their custody to La Posada Providencia, who will ensure that Y.D.M.N., an 18-month old minor child, and G.R.M.N., a 6 year old child, receive urgent proper medical care and treatment in a non-detained environment..

41.     La Posada Providencia, a shelter located in San Benito, Texas has agreed to take in Petitioners upon their release.

## THE FLORES SETTLEMENT AND LEGAL FRAMEWORK FOR THE RELIEF SOUGHT

42.     Petitioners Y.D.M.N. and G.R.M.N., both minor children, are entitled to be released from CBP custody pursuant to the *Flores* Settlement Agreement, and should be released together with their mother, R.A.N.M.

43.     Minor Petitioner Y.D.M.N. is entitled to urgent proper medical care for her serious and ongoing illness of fever and diarrhea.

44.     Minor Petitioner G.R.M.N. is entitled to  urgent proper medical care for her influenza illness.

45.     Petitioners are entitled to consult with legal counsel, receive a credible fear interview under 8 U.S.C. §1225(b) and proceed with the asylum process, pursuant to due process of law.

### *Flores* Settlement Agreement

46.     In 1985, a class action, *Flores v. Reno*, was brought against the government challenging immigration enforcement policies directed toward migrant children. After over 10 years of litigation, in 1997, the plaintiff class and the government entered into the "*Flores* Settlement Agreement," which established national standards regarding the detention, release and treatment of all children in immigration custody. *See* Exhibit 1 (Flores Settlement Agreement). As a general principle, the *Flores* Settlement Agreement maintains that, "[t]he [legacy Immigration and Naturalization Service] treats, and shall continue to treat, all minors in its custody with dignity, respect and special concern for their particular vulnerability as minors." *Id.* (*Flores* Settlement Agreement) ¶ 11. It further provides: "[f]acilities will provide access to toilets and sinks, drinking water and food as appropriate, medical assistance if the minor is in need of emergency services, [and] adequate temperature control and ventilation." *Id.* ¶ 12. The *Flores* Settlement Agreement continues to govern those agencies that now carry out the functions of the former INS. *See Villafuerte v. United States*, No. 7:16-CV-619, 2017 WL 8793751, at *1 (S.D. Tex. Oct. 11, 2017) (discussing the recent history of the Flores Settlement Agreement and how it establishes a "nationwide policy for the detention, release, and treatment of minors in the custody of the INS").[1] The *Flores* Settlement Agreement is binding on DHS, ICE, and other government

---

[1] *See also Flores v. Lynch*, 828 F.3d 898 (9th Cir. 2016) (re-affirming the Flores Settlement Agreement).

agencies. *See United States v. Dominguez-Portillo*, No. EP-17-MJ-4409-MAT, 2018 WL 315759, at *7 (W.D. Tex. Jan. 5, 2018), *aff'd sub nom.*, *United States v. Vasquez-Hernandez*, 314 F. Supp. 3d 744 (W.D. Tex. 2018), *aff'd*, 924 F.3d 164 (5th Cir. 2019).[2]

47.    The *Flores* Settlement Agreement requires expeditious release of minors from custody to a designated adult guardian, except where detention is necessary to ensure the minor's appearance in immigration court or to ensure the minor's safety or the safety of others.  Exhibit 1 (*Flores* Settlement Agreement) ¶ 14.  It applies to all minors in immigration custody, regardless of whether the child is apprehended unaccompanied or accompanied.  *See id.* (*Flores* Settlement Agmt.) ¶ 10; *Villafuerte*, 2017 WL 8793751, at *2; *Flores*, 828 F.3d at 905-06.

48.    Of critical importance, the *Flores* Settlement Agreement requires that a minor in immigration custody be released "in all cases within 72 hours."  Exhibit 1 (*Flores* Settlement Agmt.) ¶ 14.

## DHS and ICE's Documented History of Detaining Immigrant Children Under Harsh Conditions and In Violation of Their Rights

49.    DHS has a documented history, especially under the current administration, of detaining immigrant minors and refusing them their statutory rights under the *Flores* Settlement Agreement in manners that Courts have routinely disapproved.

50.    For example, a report published by the DHS Office of Inspector General in July 2019 specifically detailed the severe conditions at CBP holding facilities (the "DHS Report").  This DHS Report detailed the overcrowding that exists at CBP facilities and noted that 31% of the children detained at these facilities were held

---

[2] *See also Flores*, 828 F.3d at 898.

longer than the seventy-two (72) hour period permitted under the *Flores* Settlement Agreement.

51.     The DHS Report also detailed that the conditions under which these children are held violate the *Flores* Settlement Agreement.  Namely, the DHS Report detailed that many children had no access to showers, limited access to a change of clothes, and sparse access to hot meals.

## GUATEMALA ASYLUM COOPERATIVE AGREEMENT

52.     Petitioners would be irreparably injured if the court did not grant a writ of habeas corpus and stay any procedure authorizing Petitioners' removal to Guatemala or elsewhere, prior to a meaningful interview process under the laws, and before Y.D.M.N. and G.R.M.N. are provided with urgent proper medical care and treatment.

## RELEASE

53.     If Petitioners are released, they can be admitted to La Posada Providencia, a family shelter for refugees located not far from the Donna, Texas facility where they are currently being detained.

## EXHAUSTION

54.     There are no further administrative procedures that Petitioners are required to exhaust. As described above, a request for humanitarian parole was filed with CBP, urging release of the family due to the deteriorating health of Y.D.M.N., which was denied on January 10, 2020.

## CLAIMS FOR RELIEF

## COUNT ONE

### Respondents' Detention of Petitioners Y.D.M.N. and G.R.M.N. Violates the *Flores* Settlement Agreement

55.     Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56.     Petitioners Y.D.M.N. and G.R.M.N.'s continued detention violates paragraphs 14 and 15 of the *Flores* Settlement Agreement.  Paragraph 14 requires the release of a minor from the government's custody unless detention is necessary to secure the minor's appearance before the immigration court.  Exhibit 1 (*Flores* Settlement Agmt.) ¶ 14.  Paragraph 15 of the *Flores* Settlement Agreement further provides that the release of a minor must take place within seventy-two (72) hours. *Id*. at ¶ 15; *see Villafuerte*, 2017 WL 8793751, at *1-2.

57.     Respondents therefore continue to violate paragraphs  14 and 15 of the *Flores* Settlement Agreement by failing to release Petitioners Y.D.M.N. and G.R.M.N. from CBP custody, with their mother, after the 72-hour period.

58.     In addition, and alleged herein as an independent basis for relief, Petitioners Y.D.M.N. and G.R.M.N.'s continued detention violates paragraphs 11 and 12 of the *Flores* Settlement Agreement.

59.     Paragraph 11 of the *Flores* Settlement Agreement requires that the government treat Petitioners Y.D.M.N. and G.R.M.N., minors, "with dignity, respect and special concern for [his] particular vulnerability" as a minor. Exhibit 1 (*Flores* Settlement Agmt.) *¶ 11*. The government must generally place minors in "the least restrictive setting appropriate to the minor's age and special needs, provided that such setting is consistent with its interests to ensure the minor's timely appearance before the INS and the immigration courts and to protect the minor's well-being . . . ." *Id.*

60.     A CBP station in Donna, Texas, is not the least restrictive setting, and placement there does not protect Petitioners Y.D.M.N. and G.R.M.N.'s well-being, given the documented conditions of CBP facilities.  Namely, their well-being is not protected where they may not have access to adequate medical care and basic living necessities, including a change of clothing, a shower, and a hot meal.  These conditions exist in contravention to the *Flores* Settlement Agreement, which

requires that the government "hold minors in facilities that are safe and sanitary." Exhibit 1 (*Flores* Settlement Agmt.) ¶ 12.  These facilities must include, among other things, "access to toilets and sinks, drinking water and food as appropriate, medical assistance if the minor is in need of emergency services, [and] adequate temperature control and ventilation." *Id.*

61.     As such, the continued detention of Petitioners at a CBP facility in Donna, Texas which may lack basic living necessities and fails to provide a diet for children is contrary to both Paragraphs 11 and 12 of the *Flores* Settlement Agreement and is detrimental to the well-being of Petitioners Y.D.M.N., an 18-month old child and G.R.M.N., a 6-year-old child.

62.     In addition, and alleged herein as an independent basis for relief, ¶ 24.B. of the *Flores* Settlement Agreement provides any minor (the right to allege noncompliance with the minimum standards for minor detention. Exhibit 1 (*Flores* Settlement Agmt.) ¶ 24.B.

63.     "Minor" for purposes of the *Flores* Settlement Agreement "shall apply to any person under the age of eighteen (18) years who is detained in the legal custody of the INS." *Id.* ¶ 4.

64.     However, Respondents deprive Petitioners Y.D.M.N. and G.R.M.N. of their rights to allege noncompliance with the minimum standards for minor detention.

65.     Each of the above-alleged actions violates the *Flores* Settlement Agreement, which is binding on Respondents.

## COUNT TWO

**Respondents' Decision To Detain Petitioners In Custody Is Arbitrary and Capricious, in Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

66.     Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

67.     Respondents' decision to continue detaining Petitioners after seventy-two
(72) hours is arbitrary and capricious and must be set aside, pursuant to the
Administrative Procedure Act ("APA").  Under the APA, a reviewing court may
set aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or
otherwise not in accordance with law." *Id.*  5 U.S.C. § 706(2)(A). The standard
requires that the agency provide a satisfactory explanation of its decision, and a
"rational connection between the facts found and the choice made" in order for the
reviewing court to uphold the decision.  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v.
State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation omitted).

68.     The decision to keep Petitioners in custody is the agency's final action
regarding their custody and therefore is subject to review under the APA.  *See*
U.S.C. §§ 551, 701, 702.  Whether the CBP may keep minors in custody is not
committed to agency discretion.

69.     With respect to Petitioners, Respondents' decision to continue detaining
them is "not in accordance with the law" because it violates the requirements of the
*Flores* Settlement Agreement by detaining them for over seventy-two (72) hours
and in a facility that is neither safe nor sanitary.  Exhibit 1 (*Flores* Settlement
Agmt.) ¶¶11-12.

70.     Moreover, Respondents' decisions are arbitrary and capricious because they
do not make any "rational connection between the facts found and the choice
made."  *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. Respondents denial of
humanitarian parole because the child was medically cleared for travel lacks any
actual explanation of the health or wellbeing of the child or rational basis for the
denial. Respondents' decision to continue detention therefore should be set aside as
arbitrary and capricious under the APA.  5 U.S.C. § 706(2)(A).

## COUNT THREE

### Respondents' Detention of Petitioners Violates Due Process

71.    Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

72.    As people within the United States, Petitioners are protected by every clause of the United States Constitution that is not expressly reserved to citizens.  This protection includes the Due Process Clause of the Fifth Amendment.  The Due Process Clause provides that "no person shall be . . . deprived of life, liberty, or property without due process of law."  U.S. Const. Amend V.

**Procedural Due Process Rights**

73.    Under the Due Process Clause of the Fifth Amendment, an individual is entitled to the procedural due process right of a timely and meaningful opportunity to demonstrate that he or she should not be detained.  In the case of civil, non-punitive immigration detention, the Supreme Court has held that such detention requires "a special justification . . . [that] outweighs the individual's constitutionally protected interest in avoiding physical restraint."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

74.    Respondents have yet to justify Petitioners' detention.  Any interest that Respondents may have in effectuating Petitioners' potential removal does not outweigh the right, under the Constitution and the federal statutes and regulations governing their custody, to fair and meaningful review of their detention.

75.    Respondents' detention of Petitioners without a credible fear interview and hearing before a neutral decision-maker to determine whether their detention is necessary, especially as two of Petitioners are minors, violates their procedural due process rights under the Due Process Clause.  *See e.g. Addington v. Texas,* 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil

commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection").[3]

**<u>Substantive Due Process Right to be Free From Physical Restraint</u>**

76.    In addition, and alleged herein as an independent basis, Petitioners have a fundamental right to be free from physical restraint.  *See e.g., Fuentes-De Canjura v. McAleenan,* No. EP-19-CV-00149-DCG, 2019 WL 4739411, at *8 (W.D. Tex. Sept. 26, 2019) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects.") (citation omitted).[4]

77.    For each of the above-alleged reasons, Respondents' conduct has and continues to violate Petitioners' right to be free from physical restraint.

78.    For each of the above-alleged reasons, Respondents have and continue to violate Petitioners' procedural and substantive due process rights under the Due Process Clause of the Fifth Amendment.

## COUNT FOUR

**Respondents' Detention of Petitioner Violates the Administrative Procedure Act Because it Violates Petitioners' Due Process Rights, 5 U.S.C. § 706(2)(B)**

79.    Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

80.    The APA provides that courts "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity."  5 U.S.C. § 706(2)(B).

---

[3] *See also, e.g., Padilla v. US Immigration & Customs Enf't, 379 F. Supp. 3d 1170, 1176 (W.D. Wash. 2019), modified, 387 F. Supp. 3d 1219 (W.D. Wash. 2019), appeal filed, No. 19-35565 (9th Cir. July 5, 2019).*
[4] *See also R.I.L.-R. v. Johnson,* 80 F. Supp. 3d 164, 187-89 (D.D.C. 2015).

81.     For each of the reasons alleged in Count Three above, the Court should hold unlawful and set aside Respondents' continuing detention of Petitioners. Specifically, Respondents' conduct has and continues to violate Petitioners' procedural and substantive Due Process rights.

## COUNT FIVE

### Declaratory Relief, 28 U.S.C. §§ 2201, 2202

82.     Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

83.     This Court has jurisdiction and authority to issue a declaration of Petitioners' rights, and any such declaration shall have the force and effect of a final judgment or decree.  28 U.S.C. § 2201.

84.     In addition, this Court has jurisdiction and authority to issue any further necessary or proper relief based on a declaratory judgment or decree against any adverse party whose rights may be determined by such judgment, after reasonable notice and hearing.  28 U.S.C. § 2202.

85.     Petitioners accordingly seek a declaration that they have been wrongfully detained and treated and are subject to release from CBP custody.

## COUNT SIX

### Writ of Habeas Corpus, 28 U.S.C. § 2241

86.     Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

87.     As set forth above, Respondents are currently holding Petitioners, a mother and her minor children (18 months old and 6 years old), in CBP custody in violation of the *Flores* Settlement Agreement (which is binding law), federal statutes and regulations, and the U.S. Constitution.

88.     Petitioners thus seeks release from detention by writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## COUNT SEVEN

### Preliminary and Permanent Injunctive Relief

89.     Petitioners re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

90.     As set forth above, Respondents are currently holding Petitioners, a mother and her minor children (18 months and 6 years old), in CBP custody in violation of the *Flores* Settlement Agreement (which is binding law), federal statutes and regulations, and the U.S. Constitution.

91.     Petitioners have a likelihood of success on the merits on their claims, including violations of their rights under the *Flores* Settlement Agreement (which is binding law), federal statutes and regulations, and the U.S. Constitution.

92.     Petitioners would suffer irreparable injury if the Petition is not granted, the balance of harms tips decisively in their favor, and the public interest supports granting preliminary and permanent equitable relief, including:

(i) Petitioners should be immediately released from CBP custody, on the condition they will be received into the La Posada Providencia shelter so that they may receive urgent medical care in a non-detained context;

(ii) Respondents should be enjoined from interfering with Petitioners' access to counsel of their choosing; and

(iii) Respondents should be enjoined from removing Petitioners to Guatemala or any country until at least their asylum application is considered, and all appeals therefrom are exhausted.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners respectfully pray the Court to:

a.  Assume jurisdiction over this matter;

b.  Grant Petitioners a writ of habeas corpus directing Respondents to release Petitioners within 24 hours, with or without an electronic monitoring device, at no cost to Petitioners;

c.  In the alternative, issue an injunction restraining and enjoining Respondents from not releasing Petitioners, with or without an electronic monitoring device, at no cost to Petitioners;

d.  Issue a declaration that Petitioners' ongoing detention violates the INA, APA, *Flores* Settlement Agreement, and Due Process Clause of the Fifth Amendment

e.  Award Petitioners costs and expenses under the Equal Access to Justice Act ('EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and any other basis justified under law;

f.  Enjoin Respondents from blocking Petitioners' access to counsel of their choosing;

g.  Enjoin Respondents from removing petitioners to Guatemala or any country until at least their asylum application is considered, and all appeals therefrom are exhausted; and

h.  Grant such further relief as the Court deems just and proper.

Dated: January 13, 2020

                              **PROBAR**

                              s/ Laura Peña
                              _____
                              Laura Peña
                              Attorney in Charge
                              Texas State Bar No. 24085758
                              Southern District of Texas Federal ID
                              Number 3326963
                              Joshua Turner, Esq. (*pro hac vice to be
                              filed*)
                              **PROBAR**
                              202 S. 1st Street, Suite 300_
                              Harlingen, TX 78550
                              Telephone: 956.365.3775
                              Facsimile: 956.365.3789
                              Email: laura.pena@abaprobar.org
                              Email: josh.turner@abaprobar.org

                              Michelle Mancino Marsh, Esq. (*pro hac
                              vice to be filed*)
                              **ARENT FOX LLP**
                              1301 Avenue of the Americas, Floor 42
                              New York, NY
                              Telephone:  212.484.3900
                              Facsimile:  212.484.3990
                              Email:  michelle.marsh@arentfox.com

                              Dustin F. Hecker, Esq. (*pro hac vice to be
                              filed*)
                              Benjamin Greene, Esq. (*pro hac vice to be
                              filed*)
                              **ARENT FOX LLP**
                              The Prudential Tower
                              800 Boylston Street
                              Boston, MA  02199-8161
                              Telephone:  617.973.6131
                              Facsimile:  617.367.2315
                              Email:  dustin.hecker@arentfox.com

                              Alissa F. Bard, Esq. (*pro hac vice to be
                              filed*)
                              **ARENT FOX LLP**
                              1717 K Street, NW
                              Washington, DC 20006-5344
                              Telephone:  202.857.6000
                              Facsimile:  202.857.6395
                              Email:  alissa.bard@arentfox.com
                              *Attorneys for Petitioners*

**<u>Verification by Attorney Acting on Petitioners' Behalf</u>**
**<u>Pursuant to 28 U.S.C. § 2242</u>**

    I am submitting this verification on behalf of the Petitioners because I am Petitioners' attorney.  As Petitioners' attorney, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

                    Dated:  January 13, 2020

                    *s/* Laura Peña
                    Laura Peña
                    Attorney for Petitioners

## Attestation of Authority to Include Electronic Signature

I hereby certify that the contents of this document and all attachments are acceptable to all persons whose electronic signatures appear on this document.  I hereby certify that am authorized by all signing parties to file this document and all attachments on their behalf.

Dated:  January 13, 2020

**PROBAR**

s/ Laura Peña

Laura Peña
Joshua Turner (*pro hac vice to be filed*)

**ARENT FOX LLP**

Michelle Mancino Marsh (*pro hac vice to be filed*)
Dustin F. Hecker (*pro hac vice to be filed*)
Benjamin Greene (*pro hac vice to be filed*)
Alissa F. Bard (*pro hac vice to be filed*)

*Attorneys for Petitioners*